UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANCESCO MANSELLI,

                         Petitioner,                  05 Civ. 536 (RPP)
                                                          02 Cr. 1425 (RPP)

     - against -

                                                               **OPINION AND ORDER**

UNITED STATES OF AMERICA,

                         Respondent.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

The Petitioner, Francesco Manselli ("Manselli"), presently on supervised release under a sentence imposed by this Court, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground that he was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution. The motion is denied for the reasons set forth below.

**BACKGROUND**

On February 1, 2000, just after 1:00 P.M., Petitioner reported to his supervisor at the Throgs Neck Post Office in the Bronx that he had tripped over a hand truck and fallen. He did not report to work thereafter but submitted a claim on February 4, 2000 to the United States Department of Labor stating that he was unable to work because of the alleged accident on February 1, 2000. Consequently, petitioner received workers' compensation benefits of approximately $2000 a month from March 18, 2000 to the date of trial.

On November 4, 2002, Manselli was charged in a one-count indictment, 02 Cr. 1425 (RPP), with knowingly making false statements in order to collect federal employees'

compensation benefits, in violation of 18 U.S.C. § 1920. A superseding indictment S1 02 Cr. 1425 (RPP), filed on March 19, 2003, charged Manselli in two counts. Count One charged Manselli with knowingly making false statements in order to collect federal employees' compensation benefits, in violation of 18 U.S.C. § 1920. Count Two charged Manselli with mail fraud, in violation of 18 U.S.C. § 1341. Manselli's trial commenced on May 14, 2003, and ended on May 20, 2003, when the jury returned a guilty verdict on both counts. On December 16, 2003, this Court sentenced Manselli to a term of 15 months' imprisonment, to be followed by three years' supervised release, charged him with a $200 mandatory special assessment, and ordered Manselli to pay restitution in the amount of $83,017.06. Court-appointed counsel appeared for sentencing and also handled Manselli's appeal. His conviction was affirmed by the Second Circuit on November 10, 2004. .

On January 14, 2005, Manselli filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging that he had been deprived of the right to effective assistance of trial counsel because of trial counsel's failure to subpoena medical and hospital records and reports and his failure to call as witnesses doctors and medical personnel who could testify as to Manselli's physical condition. The Government submitted a Memorandum of Law in Opposition to the Defendant's § 2255 Motion ("Government's Memorandum") on June 9, 2005.

**DISCUSSION**

**I.  Standard of Review**

Section 2255 of Title 28 of the United States Code ("Section 2255") provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

To establish a claim for ineffective assistance of counsel, a petitioner must demonstrate (1) that his counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The performance of counsel is deficient if it "fell below an objective standard of reasonableness" under "prevailing professional norms." Id. at 688.

In addition to demonstrating deficient performance by counsel, a petitioner must show that the deficiency had an effect on the result and that the error was prejudicial to the petitioner. See Strickland, 466 U.S. at 691-96. A petitioner demonstrates prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687, 694.

In asserting these claims, the petitioner has the burden of overcoming the presumption that his counsel's representation was reasonable. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. As the Supreme Court stated in Strickland,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable (internal citation omitted). A fair assessment of

attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

466 U.S. at 689.

## II. Manselli's Claims of Ineffective Assistance of Counsel

Manselli has proceeded *pro se* in submitting his petition and brief. For this reason, Manselli's submissions will be "liberally construed in his favor," Simmons v. Abruzzo, 49 F.2d 83, 87 (2d Cir. 1995) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and read "to raise the strongest arguments that they suggest," Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (citation omitted).

Manselli's § 2255 motion asserts that his trial counsel provided ineffective assistance of counsel on the grounds that he failed to take certain actions. Manselli charges that his trial counsel:

(1) did not subpoena Petitioner's medical and hospital records (Petitioner Statement at 1, 3);

(2) did not call Dr. Michael Errico as a witness to testify about Petitioner's pre-existing injury (Id. at 2);

(3) did not call as witnesses two other doctors in his treating physician's medical group, Dr. Jeffrey Kessler and Dr. David Silverstein, who also treated Petitioner (Id. at 2-3);

(4) did not call as a witness physical therapist Dr. Zarola, who treated Petitioner in 2000 and 2002 (Id. at 2-3);

4

(5) did not call as witnesses employees of the United States Postal Service whom Manselli alleges "witnessed the accidents in which he was involved or had knowledge of his injuries and disability" (Id. at 3);

(6) did not effectively undermine the significance of the surveillance videotapes showing Manselli, on more than 30 different dates over a two-year period, engaging in some physical activity (Id. at 3);

(7) did not allow Petitioner to testify at his trial (Id. at 4).

Petitioner's first claim for ineffective assistance of counsel asserts a failure to subpoena Petitioner's medical and hospital records, which Petitioner contends would have confirmed that he was "disabled from working." However, Petitioner's trial counsel had prepared Dr. Vincent Leone, Petitioner's treating physician, as a defense witness. (Trial Transcript ("Tr.") at 39, 471). Petitioner had relied on Dr. Leone for support in his applications for total disability (Tr. at 38, 386-87, 399, 436, 444-45, 467-69). Defense counsel showed familiarity with the nature and extent of Petitioner's medical treatment during his examination of Dr. Leone (Tr. at 388-93, 395-402) and during the cross examination of Dr. Lombardi, the prosecutor's expert witness (Tr. at 251-62, 264-70). Furthermore, the medical and hospital records pertaining to Petitioner were produced to the Petitioner by the Government during discovery. (Government's Memorandum at 12). In any event, since the Petitioner had relied on Dr. Leone in his applications for total disability, clouding the record with more extensive medical and hospital records would likely have weakened the thrust of trial counsel's argument that Dr. Leone's examination and testimony showed that the Petitioner was totally disabled. This trial strategy is

5

reasonable and thus Petitioner's claim does not establish the ineffectiveness of counsel. U.S. v. DiTommaso, 817 F.2d 201, 215 (2d Cir. 1987).

Petitioner next states that his former doctor, Dr. Errico, would have testified that Petitioner had a pre-existing injury and was disabled and unable to work. Dr. Errico had treated Petitioner for a previous accident which occurred in May 1998. Petitioner, however, continued to work after that injury. Because Petitioner was claiming complete disability as a result of the February 1, 2000 incident (see Government Exhibit ("GX") 11, 41, 52, 74), his condition following his earlier injury, after which he continued to work, was irrelevant to Petitioner's defense that he was rendered totally disabled by the alleged accident in February 1, 2000.

Petitioner maintains that in response to the Government calling Dr. Leone as an adverse witness, trial counsel refused to call as witnesses other doctors in Dr. Leone's medical group, as well as a physical therapist who had also treated Petitioner. However, as the Second Circuit has stated, "the decision to call or bypass particular witnesses is peculiarly a question of trial strategy (citing U.S. v. Matalon, 445 F.2d 1215, 1219 (2d Cir.), cert. denied, 404 U.S. 853 (1971)), which courts will practically never second-guess." U.S. ex rel. Walker v. Henderson, 492 F.2d 1311, 1314 (2d Cir. 1974). As Petitioner's treating physician, Dr. Leone would have knowledge of the medical conclusions of the other members of his group and of the physical therapist and could testify, if necessary, that his conclusions were based on their reports of examinations of Petitioner.

These doctors "would have testified in a manner corroborative of another witness; [therefore] counsel might well have regarded the testimony as unnecessarily cumulative."

See U.S. v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998).  Since it was Dr. Leone who had certified to the Department of Labor that Manselli was unable to work, trial counsel's decision to rely on Dr. Leone's testimony and not call these doctors to the stand does not fall below the "objective standard of reasonableness" of Strickland.

Petitioner's fifth claim of ineffective assistance of counsel is that his trial counsel did not call as witnesses employees of the United States Postal Service who allegedly witnessed his accident or had knowledge of his injuries, particularly Postal Service Supervisor Edward Glowaky and Danny Zachman, Director of Industrial Relations of the Postal Union.  There is no indication in the record that either of these persons had personal knowledge of Manselli's injuries or disability or that they had witnessed the alleged accident.  The Petitioner does not explain what the testimony of any of the postal employees would be if they were called as witnesses.  The issue in this case was whether Petitioner was in fact totally unable to work in any capacity.  (The Postal Service makes provision for workers with disabilities to do limited duty.)  (Tr. 48-49).  Petitioner has not made an adequate showing that these employees witnessed the accident or had personal knowledge of the nature or extent of his injuries, nor has Petitioner proffered a summary of the testimony of a single witness.  Under these circumstances, trial counsel's failure to call them as witnesses cannot be deemed ineffective assistance.

As to Petitioner's sixth claim that trial counsel did not effectively undermine the Government's attempts to discredit Manselli's disability claim, the record shows that counsel did subject the Government's witnesses to cross-examination on their surveillance, trying to support the defense position that Petitioner had bad days and some good days.  Counsel successfully established that the videotaped surveillance of Manselli

7

took place only on portions of thirty-four days in a two-year period, that the videotaped surveillance did not capture all of Manselli's observed movements, and that the surveilling agents were unable to confirm the total time of the surveillance. (Tr. 347-49). Petitioner's trial counsel also tried to establish, inter alia, that the postal inspector never observed Petitioner play any sports or go out for entertainment, that sometimes surveillance of Manselli was only for a short period of time, and that during certain activities described by the postal inspector, the agent only noted that Petitioner "exhibited no *obvious* discomfort or pain" (emphasis added). (Tr. 409-423). The Second Circuit has stated that "the conduct of examination and cross-examination is entrusted to the judgment of the lawyer" and should not be second-guessed. Luciano, 158 F.3d at 660. See also U.S. v. Eisen, 974 F.2d 246, 265 (2d Cir. 1992) (no ineffective assistance despite defendant's claim that his attorney should have done a more thorough job of impeaching two prosecution witnesses because decisions as to nature and extent of cross-examination are strategic); U.S. v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987) ("Decisions whether to engage in cross-examination, and if so to what extent and in what manner, are … strategic in nature" and will not support a claim of ineffective assistance of counsel). In this case, Petitioner's counsel also effectively cross-examined at length the Government's expert witness, Dr. Lombardi, and effectively examined Dr. Leone. Petitioner's sixth claim does not establish ineffective assistance of counsel.

Finally, Petitioner complains that trial counsel did not allow him to testify at trial. In Rega v. U.S., the Second Circuit stated, "[a] defendant in a criminal case has the constitutional right to testify on his own behalf" (citing Rock v. Arkansas, 483 U.S. 44, 49-51 (1987)) and the Supreme Court has held that "'trial counsel's duty of effective

8

assistance includes the responsibility to advise the defendant concerning the exercise of this constitutional rights'" (citing Brown v. Artuz, 124 F.3d 73, 74 (2d Cir. 1997)). Rega, 263 F.3d 18 (2d Cir. 2001). In Rega, the Second Circuit analyzed the Defendant's proposed testimony and whether "there was a reasonable probability that such testimony would have led to an acquittal." Id. at 21. The Rega Court determined that any probability of an acquittal must be based on an assessment that if Defendant had testified, "the jury would have credited his testimony, notwithstanding the substantial evidence against him." Id. at 22.

In the instant case, Petitioner gives no details or summary about his proposed testimony and how that would have affected his trial. He has not made an adequate showing that there is a reasonable probability that the jury would have acquitted him if he had testified. There was a substantial amount of evidence against Manselli, including his videotaped statements about the extent of his injuries (GX 10, 11) and the videotapes of his physical activities and conduct during sporadic surveillance over a two-year period, some of which showed Manselli running half a block to catch a bus, sitting in a bus for lengthy trips, and engaging in other physical activities, all of which were inconsistent with Petitioner's claim of being totally unable to perform limited duty (GX 1, 1A-1K, 7). Under these circumstances, there is not "a reasonable probability that [Petitioner's] testimony would have led to an acquittal." Rega at 21.

Petitioner has failed to adequately demonstrate a reasonable probability that the result of the proceedings would have been different absent the alleged unprofessional actions of his counsel. Therefore, the conduct of Petitioner's trial counsel does not meet the Strickland test for ineffective assistance of counsel.

## CONCLUSION

For the foregoing reasons, Manselli's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby denied.

IT IS SO ORDERED.

Dated: New York, New York
October 19, 2005

_____
Robert P. Patterson, Jr.
U.S.D.J.

Copy of this Order sent to:

Petitioner Pro Se
Francesco Manselli
36-08 Bell Boulevard, #1C
Bayside, NY 11361

Michael J. Garcia, United States Attorney
Southern District of New York
By: David B. Massey, A.U.S.A.
One St. Andrew's Plaza
New York, NY 10007